# Exhibit A

| **Respond to Selected Documents** | **Sort by date:** Descending Ascending | **Display options:** All Entries ∨ |

**04/30/2026**

**Notice of Service**

Affidavit of Served Summons.

> **Filed By:** BRYAN ETHAN BRODY
> **On Behalf Of:** CRISTA BOICE

**Agent Served**

Document ID - 26-SMCC-5983; Served To - ABSOLUTE RESOLUTIONS INVESTMENTS LLC; Served Date - 04/24/2026; Served Time - 00:00:00; Service Type - SP; Reason Description - SERV; Service Text -

**04/22/2026**

**Summons Issued-Circuit**

Document ID: 26-SMCC-5983, for ABSOLUTE RESOLUTIONS INVESTMENTS LLC Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**04/14/2026**

**Filing Info Sheet eFiling**

> **Filed By:** BRYAN ETHAN BRODY

**Motion Special Process Server**

SPECIAL PROCESS SERVER REQUEST.

> **Filed By:** BRYAN ETHAN BRODY
> **On Behalf Of:** CRISTA BOICE

**Pet Filed in Circuit Ct**

PETITION.

> **Filed By:** BRYAN ETHAN BRODY
> **On Behalf Of:** CRISTA BOICE

**Judge Assigned**

DIV 17

**26SL-CC03102**

Electronically Filed - St Louis County - April 14, 2026 - 02:36 PM

**In the**
# CIRCUIT COURT
## Of St. Louis County, Missouri

__CRISTA BOICE_____
Plaintiff/Petitioner

_____
Date

vs.

_____
Case Number

__ABSOLUTE RESOLUTIONS INVESTMENTS LLC_
Defendant/Respondent

_____
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now __PLAINTIFF CRISTA BOICE_____, pursuant
Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

__Marybeth Rice, Richard A Raymond 1528 S. Big Bend Blvd. Richmond Heights, MO  63117   314-644-3955
Name of Process Server                          Address                                         Telephone

__Martin Hueckel,  Mark Braden   1528 S. Big Bend Blvd. Richmond Heights, MO  63117        314-644-3955
Name of Process Server                    Address or in the Alternative                           Telephone

__Monica D. Banks, Tommy  Webb     1528 S. Big Bend Blvd. Richmond Heights, MO  63117       314-644-3955
Name of Process Server                    Address or in the Alternative                           Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties.  This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
__ABSOLUTE RESOLUTIONS INVESTMENTS LLC_
Name
__C/O R/AGT: URS AGENTS INC._____
Address
__9666 OLIVE BLVD.- STE. 690, ST. LOUIS, MO 63132__
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

__/S/ BRYAN E. BRODY_____
Signature of Attorney/Plaintiff/Petitioner
__57580_____
Bar No.

By _____
    Deputy Clerk

__7730 CARONDELET AVE.-SUITE 135, CLAYTON MO 63105__
Address
__(314) 932-1068_____(314) 228-0338____
Phone No.                              Fax No.

_____
Date

CCADM62-WS    Rev. 08/16

Electronically Filed - St. Louis County - April 14, 2026 - 02:36 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS      Rev. 08/16

**26SL-CC03102**

Electronically Filed - St Louis County - April 14, 2026 - 02:36 PM

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
# STATE OF MISSOURI

| | | |
|---|---|---|
| **CRISTA BOICE**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| **ABSOLUTE RESOLUTIONS** | ) | |
| **INVESMENTS, LLC,** | ) | |
| Serve: R/Agt. URS Agents Inc. | ) | |
|     9666 Olive Blvd., Suite 690 | ) | Division |
|     St. Louis, MO 63132 | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION

COMES NOW Plaintiff Crista Boice, by and through her undersigned counsel, and asserts this cause of action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Missouri Merchandising Practices Act (Chapter 407 R.S.Mo.) ("MMPA"), wrongful garnishment, unjust enrichment, and money had and received against Defendant Absolute Resolutions Investments, LLC, and in support thereof states the following:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Crista Boice (hereinafter "Boice" of "Plaintiff") is an individual person currently residing in Jefferson County, Missouri.

2. Defendant Absolute Resolutions Investments, LLC (hereinafter "Absolute Resolutions" or "Defendant") is a foreign limited liability company registered and in good standing with the Missouri Secretary of State.

3. Defendant's principal business purpose is the collection of consumer debts using the mail and other instrumentalities of interstate commerce.

Page 1 of 10

Electronically Filed - St Louis County - April 14, 2026 - 02:36 PM

4.       Defendant regularly collects, or attempts to collect, debts owed or due or asserted to be owed or due another.

5.       This Court has jurisdiction over the subject matter of this civil suit pursuant to the Missouri Constitution. MO. CONST. Art. V § 14.

6.       This Court has statutory authority to grant the relief requested herein pursuant to 15 U.S.C. § 1692k(d).

7.       Venue is proper pursuant to section 347.069 in St. Louis County, where Defendant's registered agent and registered address are located.

## FACTS

8.       Absolute Resolutions filed a case against Boice in Jefferson County Circuit Court case number 23JE-AC02422 (hereinafter "Collection Lawsuit"), seeking payment for an alleged personal credit card debt.

9.       The Parties entered into a consent judgment for $3,902.36, plus $123.50 of court costs, for a total of $4,025.86, in the Collection Lawsuit.

10.       The consent judgment was silent as to the assessment of post-judgment interest, and the parties did not discuss or agree to assess post-judgment interest.

11.       Nevertheless, Absolute Resolutions requested a garnishment in the Collection Case wherein Absolute Resolutions represented that it was entitled to $4,101.51, representing the entire balance of the consent judgment, plus $40.00 post-judgment costs, plus an additional amount for post-judgment interest that Defendant never previously disclosed it would be assessing.

12.       Plaintiff relied upon Absolute Resolutions' representation and paid the entire balance due of $4,101.51 into the registry of Jefferson County Circuit Court on July 3, 2024.

Electronically Filed - St Louis County - April 14, 2026 - 02:36 PM

13.     That same day, July 3, 2024, a clerk at the Jefferson County Circuit Court issued and mailed a check to Matthew Thomas Voight, the attorney of record for Absolute Resolutions, for the full $4,101.51.

14.     Plaintiff understood the Collection Lawsuit to be paid in full and expected no further activity relating to it.

15.     On June 26, 2025, Absolute Resolutions requested a new garnishment in the collection case, ignoring the fact that Boice had already paid in full.

16.     As of June 26, 2025, Absolute Resolutions had no right to seek any money from Boice.

17.     The garnishment sought $4,415.36, representing the amount of the consent judgment plus post-judgment court costs and post-judgment interest, to be paid from Plaintiff's wages at her place of employment.

18.     Even if Absolute Resolutions had a right to collect post-judgment interest, Absolute Resolutions misrepresented to Boice that she owed $4,025.86, in the Collection Lawsuit, and did not disclose that interest would be accruing on this amount, causing the amount due to change on a daily basis, such that the amount stated in the consent judgment was already false the very next day.

19.     Plaintiff was not earning wages as of June 2025, but learned about the garnishment soon after returning to work in November 2025 and receiving her first paycheck.

20.     Plaintiff was upset, worried, confused given that she had paid in full and needed all of her wages to be able to afford to live.

Electronically Filed - St Louis County - April 14, 2026 - 02:36 PM

21.     On January 5, 2026, Plaintiff filed a Motion to Quash in the Collection Case, explaining that she had paid the Consent Judgment in full by cashier's check delivered to the Jefferson County Circuit Court, attaching the receipt dated July 3, 2024.

22.     Absolute Collections did not immediately quash the garnishment or satisfy the judgment; rather, Absolute Collections filed a response in opposition on January 7, 2025 and a Statement of Judgment Balance on January 20, 2026, claiming $4,307.36 was still due and owing by Boice.

23.     Plaintiff's wages continued to be garnished despite Defendant's actual knowledge that Plaintiff had paid in full and owed nothing further.

24.     Absolute Collections did not investigate the payment Boice had made a year prior nor did Absolute Collections take any action to obtain a new check for $4,101.51 from the Jefferson County Circuit.

25.     Boice's Motion to Quash was heard in the Collection Lawsuit on January 28, 2026, during which a clerk for Jefferson County Circuit Court physically presented a new check for $4,101.51 to the attorney for Absolute Collections at the Judge's request, and the hearing was reset to March 18, 2026.

26.     Nevertheless, Absolute Collections still did not immediately quash the garnishment or satisfy the judgment.

27.     Plaintiff's wages continued to be garnished, despite Defendant having received payment in full on the alleged debt.

28.     Not until March 17, 2026, the day before the next hearing in the Collection Lawsuit, did Absolute Collections finally quash the garnishment and file a Satisfaction of Judgment.

Electronically Filed - St Louis County - April 14, 2026 - 02:36 PM

29. Defendant's collection conduct as recited herein caused Plaintiff a concrete injury by receiving money to which it had no right.

30. Defendant's unlawful collection attempts caused Plaintiff to suffer statutory damages under 15 U.S.C. § 1692k in the amount of $1,000.00, plus actual damages for anxiety, frustration, and worry, and the attorney's fees he incurred in the collection lawsuit.

**COUNT I: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

31. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

32. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3).

33. Defendant is a "debt collector" as defined in 15 U.S.C. § 1692a(6).

34. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

35. In its attempt to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C. § 1692 *et. seq.*, including, but not limited to, the following:

a. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, in violation of 15 U.S.C. § 1962d;

b. Falsely representing the amount and character of the alleged debt within the collection case, in violation of 15 U.S.C. § 1962e(2)(A);

c. Taking action that cannot be legally taken, in violation of 15 U.S.C. § 1692e(5);

d. Using deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10); and

e. Using unfair collection practices in violation of 15 U.S.C. § 1692f(1).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant and in favor of Plaintiff that Defendant's conduct violated the FDCPA, for statutory

Electronically Filed - St Louis County - April 14, 2026 - 02:36 PM

damages, actual damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and for such other relief as the Court may deem just and proper.

## COUNT II: WRONGFUL GARNISHMENT

36.    Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

37.    Defendant abused and/or misused Missouri Rule 90 and/or Chapter 525 of the Missouri Revised Statutes pertaining to garnishments.

38.    Absolute Collections intentionally caused a garnishment to be served after Boice had already paid the consent judgment in full and then Absolute Collections allowed the garnishment to continue to run after it had been provided a replacement check for payment in full of the consent judgment.

39.    Defendant's wrongful garnishment has resulted in wages from Plaintiff's paycheck being withheld

40.    Plaintiff's wages are her property.

41.    Defendant intended to cause injury to Plaintiff, namely, garnishing her funds and applying those funds to pay a judgment that she had already paid in full.

42.    Defendant's conduct cased Plaintiff to sustain damages, including but not limited to monetary loss, the loss of use of her funds, embarrassment, stress, and anxiety

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for damages that will fairly and justly compensate Plaintiff, together with her costs and attorney's fees herein incurred and expended, interest, and for such further and additional relief as this Court may deem just and proper under the circumstances.

Electronically Filed - St Louis County - April 14, 2026 - 02:36 PM

## COUNT III: MONEY HAD AND RECEIVED

43.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if fully stated in this Count.

44.     Defendant has received and obtained monies to which it is not entitled to under Missouri law.

45.     Defendant appreciated a benefit by receiving and obtaining said monies from Plaintiff through the Collection Lawsuit.

46.     It is inequitable for Defendants to accept and retain the monies from Plaintiff that Defendant did not have the legal authority to assess or collect, and which in equity and good conscience ought to be paid back to Plaintiff.

47.     Plaintiff is entitled to a full return of all monies collected by Defendant over and above $4,025.86, or, in the alternative, to any funds garnished after January 28, 2026.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for damages that will fairly and justly compensate Plaintiff, together with her costs and attorney's fees herein incurred and expended, interest, and for such further and additional relief as this Court may deem just and proper under the circumstances.

## COUNT III: UNJUST ENRICHMENT

48.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs as if fully stated in this Count.

49.     When Defendant unlawfully seized funds from Plaintiff, Plaintiff conferred a benefit on Defendant in the amount of the seized funds, namely funds in excess of $4,025.86, or, in the alternative, to any funds collected after January 28, 2026.

Electronically Filed - St Louis County - April 14, 2026 - 02:36 PM

50.    Defendants appreciated the benefit conferred by Plaintiff, as demonstrated by the fact that Defendant retained the funds for its own use.

51.    Plaintiff has the legal right to a full refund of the monies Defendant illegally seized in excess of $4,025.86, or, in the alternative, to any funds collected after January 28, 2026.

52.    Defendant is not entitled to retain monies seized from Plaintiff in excess of $4,025.86, or, in the alternative, to any funds collected after January 28, 2026.

53.    Defendant deprived Plaintiff of possession and use of said monies.

54.    Defendants intentionally interfered with Plaintiff's monies by exercising unlawful dominion and control over said monies.

55.    Defendant's continued retention of the benefit of Plaintiff's monies, including the pre-judgment interest accruing from the date of the improper seizure, is inequitable and constitutes an unjust enrichment.

56.    As a direct and proximate result of the conduct of Defendants, Plaintiff has suffered and continues to suffer injury.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for damages that will fairly and justly compensate Plaintiff, together with her costs and attorney's fees herein incurred and expended, interest, and for such further and additional relief as this Court may deem just and proper under the circumstances

### COUNT IV: VIOLATION OF THE MMPA

57.    Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

58.    Plaintiff is a "Person," as defined by § 407.010(5) R.S.Mo.

59.    Defendant is a "Person" as defined by § 407.010(5) R.S.Mo.

60.    Plaintiff's use of the U.S. Bank, N.A. credit card, as described in the Petition in the Collection Lawsuit constitute "sales" as defined by § 407.010(6), and the entry of judgment and collection activities by Defendant in the Collection Lawsuit are in connection with those sales.

61.    The "sales" on the U.S. Bank, N.A. credit card, as described in the Petition in the Collection Lawsuit, were primarily for personal, family, or household purposes.

62.    In an attempt to obtain payment, Defendant used deception, false pretenses, misrepresentation, and unfair business practices when it garnished funds from Plaintiff, in violation of § 407.020 R.S.Mo.

63.    As a direct and proximate result of Defendant's violations of § 407.020 R.S.Mo., Plaintiff has suffered an ascertainable loss of money and/or property, and seeks relief pursuant to § 407.025 R.S.Mo.

64.    Plaintiff's ascertainable loss of money and/or property can be calculated with a reasonable degree of certainty.

65.    Pursuant to § 407.025 R.S.Mo., Plaintiff seeks attorney's fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for damages that will fairly and justly compensate Plaintiff, together with her costs and attorney's fees herein incurred and expended, interest, and for such further and additional relief as this Court may deem just and proper under the circumstances.

Electronically Filed - St Louis County - April 14, 2026 - 02:36 PM

Electronically Filed - St Louis County - April 14, 2026 - 02:36 PM

Respectfully submitted,

**BRODY & CORNWELL**

_____
Bryan E. Brody, Mo. Bar No. 57580
Alexander J. Cornwell, Mo. Bar No. 64793
7730 Carondelet Avenue, Suite 135
Clayton, MO  63105
(314) 932-1068
Fax: (314) 228-0338
BBrody@BrodyandCornwell.com
ACornwell@BrodyandCornwell.com
*Attorneys for Plaintiff*

# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>LORNE J. BAKER | Case Number: 26SL-CC03102 | |
|---|---|---|
| Plaintiff/Petitioner:<br>CRISTA BOICE | Plaintiff's/Petitioner's Attorney/Address<br>BRYAN ETHAN BRODY<br>7730 CARONDELET AVE.<br>SUITE 135<br>ST. LOUIS, MO  63105 | |
| vs. | | |
| Defendant/Respondent:<br> ABSOLUTE RESOLUTIONS<br>INVESTMENTS LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | (Date File<br>Stamp for<br>Return) |
| Nature of Suit:<br>CC Contract-Other | | |

**The State of Missouri to:   ABSOLUTE RESOLUTIONS INVESTMENTS LLC**
**Alias:**
**C/O R/AGT: URS AGENTS INC.**
**9666 OLIVE BLVD. - STE. 690**
**ST. LOUIS, MO  63132**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*COURT SEAL OF*



*ST. LOUIS COUNTY*

| 22-APR-2026 | /S/ Adam Dockery |
|---|---|
| Date | Clerk |

**Further Information:**
AD

**Case Number: 26SL-CC03102**

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date)
at _____ (time).

_____     _____
Printed Name of Officer or Server          Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____ _____
                                    Date                      Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County

Civil Department

105 South Central Avenue, Clayton, MO 63105

Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.

Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.

Electronically Filed - ST LOUIS COUNTY - April 30, 2026 - 12:55 PM

**STATE OF MISSOURI**
**County of St. Louis**
**21st Judicial Circuit**
Docket number 26SL-CC03102

*350627*

Crista Boice

Plaintiff,

vs.

**AFFIDAVIT OF SERVICE**

Absolute Resolutions Investments LLC,

Defendant,

_____/

I, Richard A. Raymond affirm and depose that I am a Process Server 18 years of age or over who is not a party to the action.

I hereby certify and return that on 04/24/2026 at 10:40 AM, I served copies of the Summons and Petition - Circuit Personally upon **Absolute Resolutions Investments LLC** as articulated below.

By delivering a copy to **Susan Faccoro** personally; **Authorized to Accept** thereof, an authorized person to accept service of process.

Said service was effected at: **9666 Olive Blvd Ste 690, Saint Louis, MO 63132.**

Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows:

Sex: **Female** Race: **White** Hair: **Gray** Height: **Medium** Weight: **Medium** Place: **Commercial Building**

I certify that the foregoing statements made by me are true, correct and my free act and deed.

_____
Richard A. Raymond

The foregoing affidavit sworn and subscribed before me today, April 28, 2026

_____     _____     _____
Samantha Lynne Clark              Bridget Ranae Desimone            Richard A. Raymond

JobNo. 350627                                                    *Fee For Service: $48.50*

SAMANTHA LYNNE CLARK
Notary Public - Notary Seal
STATE OF MISSOURI
Jefferson County
My Commission Expires: July 27, 2028
Commission # 20234881

Electronically Filed - ST LOUIS COUNTY - April 30, 2026 - 12:55 PM



# Summons in Civil Case

## IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>LORNE J. BAKER | Case Number: 26SL-CC03102 | |
|---|---|---|
| Plaintiff/Petitioner:<br>CRISTA BOICE | Plaintiff's/Petitioner's Attorney/Address<br>BRYAN ETHAN BRODY<br>7730 CARONDELET AVE.<br>SUITE 135<br>ST. LOUIS, MO 63105 | |
| vs. | | |
| Defendant/Respondent:<br>ABSOLUTE RESOLUTIONS<br>INVESTMENTS LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | (Date File<br>Stamp for<br>Return) |
| Nature of Suit:<br>CC Contract-Other | | |

The State of Missouri to:    **ABSOLUTE RESOLUTIONS INVESTMENTS LLC**
**Alias:**
**C/O R/AGT: URS AGENTS INC.**
**9666 OLIVE BLVD. - STE. 690**
**ST. LOUIS, MO  63132**

Other Addresses:

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**



**ST. LOUIS COUNTY**

| 22-APR-2026 | /S/ Adam Dockery |
|---|---|
| Date | Clerk |

Further Information:
AD

SJRC (07-25) SM30 (SMCC) *For Court Use Only:* Document ID # 26-SMCC-5983
1 of 2 (26SL-CC03102)

Civil Procedure Form No. 1, SCR 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo